## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| Jerry E. Boyd, | ) | |
|     Petitioner, | ) | |
|  | ) | |
| v. | ) | **1:14cv381 (GBL/IDD)** |
|  | ) | |
| Dir., Dep't of Corr., | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

This Matter comes before the Court upon review of the respondent's Motion to Dismiss. Jerry E. Boyd, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Pittsylvania, Virginia of object sexual penetration and aggravated sexual battery.[1] The petition was initially filed on March 27, 2014. On August 5, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on August 25, 2014. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On January 20, 2011, a jury convicted petitioner of one count of object sexual penetration and two counts of aggravated sexual battery in the Circuit Court for the County of Pittsylvania. Commonwealth v. Boyd, Case No. CR10000340-01; CR10000342-01.[2] On March 9, 2011, he was sentenced to 25 years' incarceration. Petitioner pursued a direct appeal to the Court of

---

[1] Although the conviction at issue was entered in the Western District of Virginia, petitioner is currently confined at Greensville Correctional Center, in the Eastern District of Virginia. Accordingly, venue is proper in this Court, pursuant to 28 U.S.C. § 2241(d).

[2] Petitioner's first trial on these charges ended in a hung jury on November 4, 2010.

Appeals of Virginia, alleging that the trial court erred: (1) in finding that the victim's testimony was sufficient to support the convictions, (2) in admitting prior consistent statements of the victim, (3) in affirming the jury's sentence recommendation, and (4) in refusing to set an appeal bond. On October 20, 2011, a single judge of the Court of Appeals denied the petition for appeal. Boyd v. Commonwealth, R. No. 0496-11-3 (Va. Ct. App. 2011) (per curiam). Petitioner's request for rehearing was granted, and a three-judge panel denied his appeal and affirmed his conviction on March 6, 2012. Boyd v. Commonwealth, R. No. 0496-11-3 (Va. Ct. App. 2012). On October 3, 2012, the Supreme Court of Virginia refused petitioner's petition for appeal. Boyd v. Commonwealth, R. No. 120558 (Va. 2012).

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, claiming that: (1) his conviction and sentence for both object sexual penetration and aggravated sexual battery violated the Double Jeopardy Clause; (2) the failure of the jury to deliberate for a longer period of time before being discharged in his first trial violated his Due Process rights; (3) trial counsel was ineffective for failing to argue that his charges violated Double Jeopardy; and (4) appellate counsel was ineffective for raising arguments not properly preserved at trial on appeal. On December 20, 2013, the court dismissed the petition. Boyd v. Dir. of the Dep't of Corr., R. No. 131193  On March 27, 2014, petitioner filed the instant federal habeas petition,[3] alleging that his conviction and sentence for both object sexual penetration and aggravated sexual battery violated the Double Jeopardy Clause; that the failure of the jurors in his original trial to deliberate for a sufficient period of time violated his Due Process rights; that trial counsel

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner states that he placed his petition in the prison mailing system on March 27, 2014. The court received the petition on April 11, 2014.

was ineffective for failing to properly examine all relevant statutes and argue that petitioner's trial violated Double Jeopardy; and that appellate counsel was ineffective for raising arguments not properly presented at trial on appeal.

On August 5, 2014, respondent filed a Motion to Dismiss petitioner's claims. Petitioner filed a response on August 25, 2014. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254.

## II. Procedural Default

### A. Claim A

In Claim A, petitioner argues that his convictions and sentences for both object sexual penetration and aggravated sexual battery violate Double Jeopardy, because the offenses are "composed of entirely the same elements." Pet. Att. 3, at 3. The Supreme Court of Virginia, reviewing this claim in petitioner's state habeas petition, held that this claim was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) ((holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Boyd v. Dir. of the Dep't of Corr., slip op., at 1. If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted, the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

The United States Court of Appeals for the Fourth Circuit has consistently found that "the procedural default rule set forth in <u>Slayton</u> constitutes an adequate and independent state law ground for decision." <u>Mu'min v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted); <u>see also</u> <u>Vinson v. True</u>, 436 F.3d 412, 417 (4th Cir. 2006) (citing <u>Wright v. Angelone</u>, 151 F.3d 151, 159-60 (4th Cir. 1998)). However, petitioner argues that this Court should review his claim on the merits, because the ineffective assistance of his trial counsel constitutes cause and prejudice for the procedural default. <u>See</u> Pet. Att. 3, at 5 (citing <u>Murray v. Carrier</u>, 488 U.S. 478 (1986)). Petitioner also argues that to not consider this claim would be a fundamental miscarriage of justice, as he is "actual[ly] innocent of all offenses." <u>Id.</u> at 6.

Petitioner's arguments have no merit, however. Petitioner's punishment for both object sexual penetration and aggravated sexual battery did not violate Double Jeopardy. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>see also</u> <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993) (holding that the <u>Blockburger</u> test applies both to multiple prosecutions for the same crime and to multiple punishments for the same crime). The elements of object sexual penetration are: (1) penetration of the labia majora or anus of a complaining witness; (2) who is less than thirteen years of age; (3) against the complaining witness' will. <u>See</u> Va. Code § 18.2-67.2(A). The relevant elements of aggravated sexual battery are: (1) sexual abuse; (2) of a complaining witness less than thirteen years of age. <u>See</u> Va. Code § 18.2-67.3(A)(1). "Sexual abuse" is defined as "an act committed with the intent to sexually molest, arouse, or gratify any person, where . . . [t]he accused intentionally touches the complaining witness's [genitalia, anus, groin, breast, or buttocks] . . . ."

4

Va. Code § 18.2-67.10(2), (6).  Therefore, object sexual penetration contains an element –

penetration of a specific body part – not included in aggravated sexual battery.  Likewise,

aggravated sexual battery contains an element – intent – not included in object sexual

penetration.  The two crimes thus are not the same offense, and petitioner's punishment for both

did not violate Double Jeopardy.  Counsel was therefore not ineffective for failing to make such

an argument, and petitioner has failed to show cause and prejudice for his procedural default.

     In addition, petitioner's conclusory statement of actual innocence is not sufficient to

show a fundamental miscarriage of justice that would excuse his procedural default.  A petitioner

who makes a "convincing showing of actual innocence" is entitled to review on the merits of a

procedurally-barred claim.  McQuiggen v. Perkins, _ U.S. _, 133 S. Ct. 1924, 1928 (2013).  To

make such a "convincing" argument, however a petitioner must show, through "new reliable

evidence . . . not presented at trial" that "it is more likely than not that no reasonable juror would

have convicted him in light of the new evidence."  Schlup v. Delo, 513 U.S. 298, 324, 327

(1995).  Petitioner has not provided any evidence to support his statement that he is actually

innocent of his charges.  Accordingly, he has not met the threshold standard of actual innocence.

     Because petitioner can show neither cause and prejudice for his procedural default, nor

the existence of a fundamental miscarriage of justice, Claim A cannot be reviewed on its merits.

B.  Claim B

     In Claim B, petitioner states that the failure of the trial judge to give a charge pursuant to

Allen v. United States, 164 U.S. 492 (1896) to the jury in his first trial, and the subsequent

decision to declare a mistrial after only 45 minutes of deliberation, violated his Due Process

rights.  See Pet. Att. 3, at 10-11.  The Virginia Supreme Court found that this claim was also

procedurally defaulted pursuant to Slayton.  See Boyd v. Dir. of the Dep't of Corr., slip op., at 2.

Petitioner states that his appellate counsel's failure to raise the issue on appeal constitutes cause and prejudice for the procedural default, however.  See Pet. Att. 3, at 12-13.  He also renews his argument of actual innocence.  Id. at 13-15.

Petitioner's arguments again have no merit.  When a mistrial is declared due to a hung jury, "[t]he prisoner has not been convicted or acquitted . . . ."  United States v. Perez, 22 U.S. (9 Wheat.) 579, 580 (1824).  Accordingly, petitioner does not have a final judgment that can be appealed.  Petitioner's appellate counsel therefore could not have appealed the discharge of petitioner's original jury in an appeal from petitioner's ultimate jury verdict, as the discharge of petitioner's original jury had no impact on the decision of petitioner's second jury.  Petitioner has therefore not shown cause and prejudice for his procedural default.  As petitioner has again failed to make a threshold showing of actual innocence, Claim B cannot be reviewed on its merits.

Because Claim C has been properly exhausted under 28 U.S.C. § 2254 and has not been procedurally defaulted, it will be reviewed on the merits.

### III.  Claim C

A.  Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial.  28 U.S.C. § 2254(d)(1)-(2).  The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States

Supreme] Court on a question of law or if the state court decides a case differently than [the

United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

When reviewing the state court's findings, the federal court is limited to the record before the

state court at the time of the decision. See Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398

(2011).

Under the "unreasonable application" clause, the writ should be granted if the federal

court finds that the state court "identifies the correct governing legal principle from [the

Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a

federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538

U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with

deference; the court cannot grant the writ simply because it concludes that the state court

incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)

(internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state]

court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by

clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28

U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

B. Analysis

In the first portion of Claim C, petitioner states that his counsel was ineffective for failing

to investigate whether petitioner's trial would implicate the Double Jeopardy Clause, and for

failing to argue potential Double Jeopardy violations. Specifically, he states that "it was general

trial preparation for [counsel] to familiarize himself with the rules of law, namely Virginia Codes

Section 19.2-294, concerning double jeopardy." Pet. Att. 3, at 16. Petitioner states that his

attorney's failure to conduct a proper investigation into the elements of his charged crimes, and

to argue that the trial violated Double Jeopardy, constituted ineffective assistance.

The Supreme Court of Virginia, reviewing petitioner's state habeas petition, rejected this

claim of ineffective assistance, finding that petitioner could not meet either prong of the

Strickland test.  The court held:

> Aggravated sexual battery and object sexual penetration are two distinct statutory
> crimes that each require proof of an element that the other does not.  "[W]hen a
> single act violates two separate criminal statutory provisions, convictions for both
> crimes will not offend constitutional guarantees against double jeopardy if each
> crime requires proof of an element that the other does not."    Ali v.
> Commonwealth, 280 Va. 665, 669, 701 S.E.2d 64, 67 (2010) (citing
> [Blockburger, 284 U.S. at 304]).  Counsel could reasonably have concluded any
> argument to contrary would have been futile.  See Correll v. Commonwealth, 232
> Va. 454, 469-70, 352 S.E.2d 352, 360 (1987).  Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient or that there is a reasonable
> probability that, but for counsel's alleged errors, the result of the proceeding
> would have been different.

Boyd v. Dir. of the Dep't of Corr., slip op., at 2-3.  The Supreme Court of Virginia's conclusion

is not contrary to, or an unreasonable application of, clearly established federal law.  As

petitioner's convictions did not violate the Double Jeopardy Clause, counsel had no reason to

conduct investigation into this matter or to raise the issue at trial.  Counsel was not ineffective for

failing to make frivolous or futile objections.  See Moody v. Polk, 408 F.3d 141, 151 (4th Cir.

2005) (citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984)) (holding that a petitioner

could not demonstrate that counsel's performance was unreasonable for failing to request a

continuance absent evidence that any reasonable counsel would have requested a continuance).

Accordingly, the first portion of Claim C must be dismissed.

Petitioner also argues that, on appeal, this same attorney was ineffective for presenting

claims that had not been properly preserved at trial.  See Pet. Att. 3, at 16.  Although it is

difficult to discern petitioner's exact argument, it appears that he is attempting to reiterate the

claim, made in his state habeas petition, that appellate counsel was ineffective for arguing on appeal that petitioner's trial was rushed and that the trial judge failed to properly consider petitioner's objections before ruling on them. <u>See, e.g.</u>, <u>Boyd v. Dir. of the Dep't of Corr.</u>, slip op., at 3 n.1. The Court of Appeals of Virginia, in petitioner's direct appeal, held that it was barred from considering these arguments, made on direct appeal, by Rule 5A:18. <u>See</u> Va. S. Ct. R. 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

The Supreme Court of Virginia, reviewing petitioner's state habeas petition, rejected his claim of ineffective assistance of appellate counsel. Specifically, the court found that, "because the selection of issues to address on appeal is left to the discretion of appellate counsel," and because petitioner did not allege that counsel's alleged error impacted the outcome of his trial, petitioner had not met his burden of proving either prong of the <u>Strickland</u> standard.[4] <u>Boyd v. Dir. of the Dep't of Corr.</u>, slip op., at 3 (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983)). The court also found:

> Additionally, to the extent petitioner alleges counsel was ineffective for failing to preserve [his objections] for appeal or for failing to argue that the ends of justice exception applied, petitioner has failed to articulate any grounds upon which counsel could have raised a meritorious objection that the trial court "rushed" petitioner's case, or articulate any grounds to support an ends of justice argument. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Id.</u> at 3-4. The Supreme Court of Virginia's holding is not contrary to or an unreasonable application of clearly established federal law. The United States Supreme Court, in <u>Jones</u>, held that criminal defendants do not have a constitutional right to compel appointed appellate counsel

---

[4] The <u>Strickland</u> test also applies to claims of ineffective assistance of appellate counsel. <u>See, e.g.</u>, <u>Smith v. Murray</u>, 477 U.S. 527, 535-36 (1986).

to press certain arguments on appeal. See Jones, 463 U.S. at 751. Thus, petitioner's counsel had discretion to determine how best to pursue petitioner's appeal, and the exercise of his discretion does not constitute ineffective assistance. In addition, to the extent that petitioner challenges the failure of his counsel to properly raise objections at trial, counsel is not ineffective for failing to make frivolous objections. See, e.g., Moody, 408 F.3d at 151. As the Supreme Court of Virginia's holding reflects these statements of federal law, this portion of Claim C must also be dismissed.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this ____/07____ day of ___Mar_____ 2015.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia